## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1925
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1926.

(108 So. 104)

No. 27781.

**STATE ex rel. PARISH BOARD OF HEALTH OF CALCASIEU PARISH v. POLICE JURY OF CALCASIEU PARISH.**

(March 29, 1926. Rehearing Denied April 9, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Health ☞3.**

Const. 1921, art. 6, § 11, ordaining that Legislature shall create state, county, and municipal boards of health, is mandatory.

**2. Mandamus ☞105—Police jury of parish is not final arbiter of disputes as to expense of maintenance of parish board of health, but, in case of disagreements, jury may be compelled by mandamus to take proper action (Act No. 79, Ex. Sess. of 1921, § 14).**

Police jury of parish is not declared, under Act No. 79, Ex. Sess. of 1921, to be the final arbiter in disputes between itself and its board of health as to alimony necessary to maintenance of the board, but in case of disagreement

the board under section 14 has right to mandamus to compel proper action by the police jury.

**3. Mandamus ☞105—Writ lies to compel police jury to pay "necessary expenses" of local board of health (Act No. 79, Ex. Sess. of 1921, §§ 11, 15, 16).**

Mandamus lies under Act No. 79, Ex. Sess. of 1921, § 15, not only to compel police jury to budget, appropriate, and pay costs and charges of local sanitation, but all "necessary expenses" of the local board of health, which include salary of parish health officer, whose qualifications and duties are fixed by sections 11 and 16.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Expenses.]

**4. Constitutional Law ☞50—Health ☞3—Act creating boards of health held not invalid (Act No. 79, Ex. Sess. of 1921; Const. 1921, art. 2, §§ 1, 2).**

Act No. 79, Ex. Sess. 1921, creating state, parish, and municipal boards of health, *held* not invalid within Const. 1921, art. 2, §§ 1, 2, as

to distribution and exercise of governmental powers.

**5. Constitutional law ⊕53, 79.**

Construing of statutes is not exercise of either executive or legislative powers, but is purely a judicial function.

**6. Mandamus ⊕154(4)—Petition alleging ministerial duty of police jury to provide alimony of parish board of health held to state cause of action (Act No. 79, Ex. Sess. of 1921).**

Petition for mandamus, under Act No. 79, Ex. Sess. of 1921, averring that it was ministerial duty of police jury of parish to budget, appropriate, and pay ample alimony to maintain parish board of health for named year, praying that it be compelled to budget and appropriate named sum therefor *held* to state a cause of action.

**7. Counties ⊕162—Parishes; appropriation of $1,000 for yearly maintenance of parish board of health held so meager as to amount to discrimination against board (Act No. 79 Ex. Sess. of 1921).**

Appropriation by police jury of Calcasieu parish, under Act No. 79, Ex. Sess. of 1921, of $1,000 for maintenance of parish board of health *held* so meager, even in face of reduced parish revenues, as to amount to discrimination against the board.

**8. Mandamus ⊕105.**

Police jury of parish, under Act No. 79, Ex. Sess. of 1921, can be compelled by mandamus to pay necessary expenses in connection with prevention of spread of contagious diseases.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Thos F. Porter, Jr., Judge.

Mandamus by the State, on the relation of the Parish Board of Health of Calcasieu Parish, against the Police Jury of Calcasieu Parish. Judgment for defendant, and relator appeals. Judgment annulled and reversed, alternative writ made absolute, and demands of relator granted in part, and in part rejected and dismissed.

Thomas Arthur Edwards and Williams & Williams, all of Lake Charles, for appellant.

John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, for appellee.

LAND, J. This is a mandamus proceeding brought by the parish board of health of Calcasieu parish to compel the police jury of said parish to budget and appropriate the sum of $5,251 for the operation and support of said board of health during the year 1926.

From a judgment rejecting its demands, plaintiff board has appealed.

(1). In its budget of expenditures for the year 1926, the police jury of Calcasieu parish has placed the sum of $1,000 for the maintenance of the board of health of that parish.

The estimate of expenses for the functioning of plaintiff board for the year 1926 is fixed at the sum of $5,251 in the budget adopted by said board, and submitted to the police jury of Calcasieu parish for approval.

The present litigation has arisen from the refusal of the police jury of said parish to consent to the budget proposed by plaintiff board of health; the police jury contending that it is the final arbiter in such matters in case of disagreement.

Act 79 of Ex. Sess. 1921 is the special law governing the case, and was passed to carry into effect section 11 of article 6 of the present Constitution, which ordains that—

"The Legislature shall create for the state and for each parish and municipality therein, boards of health, and shall define their duties and prescribe their powers. The parish and municipal boards of health shall be subordinate to the state board of health," etc.

[1, 2] The language of the Constitution is mandatory, and, in order to put into efficient operation state, parish, and municipal boards of health, the Legislature in the year 1921 passed Act 79 of that year.

While it is provided in section 11 of said act that "the police jury of each parish shall * * * elect and appoint a parish board of health to consist of five members," and while each parish board of health is the creature

of the police jury electing or appointing such board, yet it is made plain by the provisions of said act that the police jury of each parish has not been declared to be the final arbiter in disputes arising between its board of health and itself as to the alimony necessary for the maintenance of the board.

It is true that it is provided in paragraph 2 of section 11 of Act 79 of 1921 that—

"The salary of the parish health officer and the said assistants and inspectors shall be fixed by the board with the advice and consent of the police jury or other governing body of the parish, and paid by the parish."

If the provisions of the act on this subject had stopped at this point, it would be clear that the police jury of each parish could control the salary of the health officer by merely refusing to consent to any other compensation than that determined by itself.

But the act goes much further, and expressly provides in section 14 that—

"The police jury of each parish * * * shall provide ample means for the maintenance and operation of said boards of health and for the promotion and conservation of the public health."

And in order to enforce the performance of this duty by the police juries as to the alimony of parish boards of health, it is also provided in section 15 of said act that—

"All necessary expenses, costs and charges of local sanitation, shall be borne by the district, parish or municipality in which the local board shall be established, and in case the authorities thereon shall refuse to budget for, appropriate or pay for the same, the local boards, or the state health officer, shall have the right to the writ of mandamus before a court of competent jurisdiction to compel the proper action by said district, parish or municipal authority."

It is to be observed that the purpose of the writ of mandamus in such cases is not declared to be to compel the police jury to budget, appropriate, or pay the sum estimated and demanded by the parish board of health for its maintenance, but to compel "the proper action" by the parish, through a resort to the courts of the state. In other words, it is a matter to be acted on and decided by the proper tribunals, and not to be left to the mere discretion, either of the police jury or of the parish board of health, in case of disagreement between those bodies as to necessary expenses for the maintenance of the local board of health.

If the Legislature had intended that the action of either the police jury or of the parish board of health should be final as to the alimony of the board, in case of disagreement, it would have said so plainly without compelling the board to resort to the courts for a definitive decision as to such matter.

[3] The writ of mandamus provided by section 15 of Act 79 of 1921 lies, not only for the purpose of compelling the police jury to budget, appropriate, and pay all "costs and charges of local sanitation," but also "all necessary expenses" of the local health board.

That the salary of the parish health officer is a necessary expense, and is protected by the writ of mandamus, is self-evident.

The parish health officer is the chief executive of the local board. He is required to be "a registered and licensed physician skilled in sanitary science, who shall serve in said capacity, exercise the powers and perform the duties usual and incident to such office. Said health officer shall have the power, and it shall be his duty to issue all orders and warrants as provided herein, and to take all necessary steps to execute the sanitary laws of the state under the state health officer, and to carry out the rules, regulations and ordinances of the state and parish board of health made thereunder." Section 11, Act 79 of 1921.

It is also made the duty of the parish health officer to isolate and communicate to the Louisiana state board of health any case of contagious disease, reported to, or coming to his knowledge. Section 16 of Act 79 of 1921.

The Legislature was well aware of the fact that a 'police jury, by failing, or refusing, to consent to a reasonable salary for the parish health officer could decapitate the local board, and render its proper functioning impossible, by depriving it of its executive head, if the matter of fixing the alimony of the local health board should be left to the discretion of the police jury. The Legislature has been careful to anticipate and to prevent such action on the part of the police juries of the various parishes in the state. It is not only provided that, in the event the police jury should fail, refuse, or neglect to appoint or elect a parish board of health, such board shall be appointed by the state health officer, subject to the approval of the Louisiana state board, but it is also made the mandatory duty of the police jury to provide ample means for the maintenance and operation of local boards of health, and this duty may be enforced by writ of mandamus in all courts of competent jurisdiction. Sections 11, 14, 15, of Act 79 of 1921.

Act 79 of 1921 is pregnant with the legislative intent that local boards of health shall be established and maintained and shall function efficiently, to the end that the public health may be protected and conserved.

[4] Act 79 of 1921 does not violate either section 1 or section 2 of article 2 of the Constitution of 1921.

[5] The construing of statutes, as well as the passing upon the question as to whether or not a writ of mandamus has properly issued, manifestly, is not the exercise of either the legislative or executive powers of the state government, but purely of a judicial function.

[6] Plaintiff board has alleged and shown a cause of action in the petition for the writ of mandamus filed in this case, as said board has averred that it is the ministerial duty of the police jury of the parish of Calcasieu to budget, appropriate, and pay ample alimony for the maintenance of said board during the year 1926.

The exception of no cause of action presented by defendant police jury is, therefore, without merit, and the action of the trial judge in overruling said exception is approved.

[7] It appears from the record that the police jury of Calcasieu parish budgeted the sum of $4,000 for the support of the parish board of health in the year 1925. However, in the year 1926, this sum was reduced in the budget of the police jury from $4,000 to $1,000, a diminution of 75 per cent., while other items contained in the budget were scaled only from 10 to 25 per cent.

This action on the part of the police jury of said parish is unwarranted, in our opinion, and is clear discrimination against the parish board of health in the matter of appropriations. As the health officer is to devote all of his time to the discharge of the duties of his office, and as the sum of $400 per annum is required for the expense of making inspections in the parish of Calcasieu, it is apparent that no reputable physician can be found who would assume the duties of health officer upon the basis of a salary of $600 per annum, or $50 per month.

An appropriation of $1,000 for the maintenance of the local board of health in said parish for the year 1926 is so meager and so manifestly insufficient, when we consider the area to be inspected and the population of the parish outside of the city of Lake Charles, that it is apparent that said board cannot function efficiently, if at all, in the discharge of its important duties.

While it may be true that the revenues of the parish of Calcasieu have declined to a large extent, because of the recent failure in the production of its sulphur mines, at the same time the public health is always a matter of vital importance, and it is the fixed public policy of this state that ample means shall be provided locally for its protection and conservation.

The testimony of the members of the parish board of health and of other witnesses

WALDAUER v. HARRIS

makes it clear to us that the budget prepared by the police jury for 1926 should be readjusted so as to increase the amount of $1,000 allowed in said budget for the maintenance of the parish board of health for the present year to the sum of $3,600.

Out of this sum the parish health officer should receive $250 per month, or a salary of $3,000 per annum. The sum of $400 should be allowed for the expense of inspection to be made in the parish, and the further sum of $200 shoulld be provided for office expenses, including stenographer, phones, telegrams, stationery, etc.

The remaining items on the budget of the parish board of health, to wit, $1,000, contingent fund to care for emergencies, and $51 back indebtedness, expenses of health officer, drugs for board of health work, are disallowed.

[8] In cases of communicable diseases, ample remedy as to the expenses, costs, and charges incurred is provided by section 16 of Act 79 of 1921.

The state board of health can act in such cases upon report made to said board by local boards of health, and the police jury can be compelled to pay all necessary expenses in connection with the prevention of the spread of contagious diseases. Section 16.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the alternative writ of mandamus issued herein be made absolute, and that respondent police jury of the parish of Calcasieu, through its president, H. G. Chalkley, and its members, take the necessary steps to readjust its budget for the year 1926 so as to budget, appropriate, and pay to the board of health of said parish the sum of $3,600, to be apportioned as follows: $3,000 as salary of parish health officer, to be paid monthly at the rate of $250 each month; $400 as expenses of inspection trips over said parish; and $200 as office expenses, including stenographer, phones, telegrams, stationery, etc.

It is further ordered that the demands of plaintiff board of health be rejected and dismissed as to the item of $1,000 to care for emergencies, and also as to the item of $51, back indebtedness.

O'NIELL, C. J., and ST. PAUL, and BRUNOT, JJ., concur in the decree.