REGAN, Judge.
In compliance with the provisions of' LSA-R.S. 47:1574(3), requiring a decision in cases of this character within' forty-eight hours after submission,' we herewith hand down our decision in the matter, the reasons for- which will follow in due course.
The judgment appealed from is affirmed.
Affirmed.
Opinion
Rufus W. Fontenot, Collector of Revenue for the State of Louisiana, instituted this rule against the defendant, U-Drive It Car Company, Inc., endeavoring to recover the sum of $524.53, plus statutory penalties, interest and attorneys’ fees, which amount represented the sales tax due on the purchase price of certain motor vehicles which were subsequently rented by the defendant in the usual course of its business.
Defendant answered and generally denied the allegations of the plaintiff’s petition.
From a judgment as prayed for the defendant has prosecuted this appeal.
The record reveals that the defendant is engaged in the business of renting automobiles and trucks. During the month of August, 1954, defendant purchased certain motor vehicles to be used in its business and subsequently refused to pay the sales tax on the purchase price thereof.
Many years ago or on June 1, 1939, the Collector of Revenue had ruled that under the existing sales tax statute the purchase of a vehicle for rental purposes was the same or analogous to the purchase of a vehicle for resale and, therefore, no sales tax was due on the purchase. This ruling wás adhered to until May 27, 1954, when the Collector ruled that under LSA-R.S. 47:301 et séq., The Sales Tax Act of 1948, the original ruling was now incorrect and that a purchase for rental purposes was a retail sale subject to the tax. In order to be certain that everyone encompassed by the new ruling would be fully informed thereof, the effective date was delayed until August 1, 1954.
The question posed for our consideration is one of law and that is, does the statute now in effect impose a tax upon the sala *592 of a vehicle which, is subsequently rented by the purchaser thereof?
Defendant contends that (a) the purchase by it of a motor vehicle subsequently used by it for rental purposes is not subject to the imposition of a sales tax and (b) the contemporaneous construction accorded to the law by the Collector of Revenue should not be disturbed.
We are of the opinion that LSA-R.S. 47:302(A) imposes a tax on all retail sales. It reads:—
“There is hereby levied a tax upon the sale at retail * * * in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:
“(1) At the rate of two per centum (2%) of the sales price of each item or article of tangible personal property when sold at retail in this state; * # *»
LSA-R.S. 47:301(10) concisely defines the term “retail sale” as follows:—
“ ‘Retail sale,’ or ‘sale at retail,’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, * *
The defendant herein buys for the purpose of renting or leasing—obviously for a purpose other than resale “in the form of tangible personal property.” The defendant endeavors to find comfort in Sectiqn 301(12) which defines sale. This section provides, in part, that “ ‘Sale’ means any transfer of title or possession, or both”. The defendant argues therefrom that “the Company buys for the purpose of transferring possession of the vehicle to others; therefore, its purchases are not at retail, for its purpose in purchasing is to resell, as that word is defined in the Law, to others.” However, an analysis of the whole context of the section reveals that a sale is further interpreted to encompass “ * * * a transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price * * *.” .Thus we are convinced that a lease does not fall within the scope of the definition of a sale. The intent of the Legislature, we believe, is clearly manifested by virtue of the fact that it saw fit to define the phrase “ ‘lease or rental’” in LSA-R.S. 47:301(7), an entirely separate and distinct paragraph of the act, which reads:—
“ 'Lease or rental’ means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.”
In conformity with the doctrine of statutory interpretation it is fundamental that if the definition of sale included lease or rental, a separate definition thereof would not have been provided in the statute. Likewise a separate levy would not also have been provided, as is reflected by the enactment of LSA-R.S. 47:302(B) which reads:—
“There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property, * *
An additional objection interposed by the defendant is the fact that it collects and remits to the State the tax imposed by LSA-R.S.' 47:302(B), however, an analysis of the statute fails to disclose any immunity from the tax imposed by 47:302(A) (a tax upon the sale at retail) because of payment of the tax imposed by 47 ¡302(B) (a tax upon the “lease-or rental * * * of * * * personal property”). The continuity of the logical intent of the statute is further reflected by the tax imposed by 47:302(C) (a tax upon all sales of services). Certainly it is not feasible to argue that if a sales tax under LSA-R.S. 47:302(A) was paid when a vehicle was purchased the tax on subsequent repairs under 47:302(C) would not be due. Similarly, at the time of purchase the vendee could not argue that since he would have to pay a tax on subsequent repairs he should be exempt from paying *593 the sales tax on the original sale. The same logic annihilates defendant’s argument with respect to the lease tax in 47:302(B).
Of considerable significance herein relative to the interpretation to be judicially-placed upon the statute is the fact that defendant is endeavoring to obtain an exemption from a tax imposed upon it by a statute of the State in which it conducts its business.
In Mattingly v. Vial, 1939, 193 La. 1, 190 So. 313, 315, the court was of the opinion: — ■
“There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and the other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption, and that any plausible doubt is fatal, 2 Cooley on Taxation, 4th Ed., § 672; and Judson on Taxation, 2d Ed., § 93.
“The decisions of the courts of this State are in accord that if any interpretation can be made of the allegedly exempting authority which will deny the exemption, that interpretation will be followed. * * * ”
Defendant, .in the final analysis, insists that the contemporaneous construction accorded to the law by the Collector of Revenue should not now be disturbed. It is well recognized that this doctrine prevails in most, if not all states, and it has been discussed on innumerable occasions. A concise .statement of the doctrine is found in,U. S. v. Alabama Great So. Railway Co., 1892, 142 U.S. 615, 621, 12 S.Ct. 306, 308, 35 L.Ed. 1134, as follows:—
“ * * * It is • a settled doctrine of this court that in case of ambiguity the judicial department will lean in favor of a construction' given to a statute by the-department charged with the" execution of such statute, and, if such construction be acted upon for a number of years, will look with disfavor upon any sudden change, whereby' parties who have contracted with the government upon the faith of such construction may be prejudiced. * * These principles were announced as' early as 1827 in Edwards’ Lessee v. Darby, 12 Wheat. 206, 210 [6 L.Ed. 603], and have been steadily adhered to in subsequent decisions. U. S. v. [State] Bank, 6 Pet. 29, 39 [8 L.Ed. 308]; U. S. v. MacDaniel, 7 Pet. 1 [8 L.Ed. 587]; Brown v. U. S., 113 U.S. 568, 5 S.Ct. 648 [28 L.Ed. 1079]; U. S. v. Moore, 95 U.S. 760, 763 [24 L.Ed. 588].”
Plaintiff asserts that it does not dispute the validity of the foregoing doctrine; it simply argues that it is inapplicable herein for the reason that the construction placed on the act in 1939 is clearly erroneous when applied to the pertinent provisions contained in the act of 1948; and lastly the statute is not ambiguous. In our opinion the inexorable logic of plaintiff’s argument is clearly reflected by the plain words appearing in the act “There is hereby levied a tax upon the sale at retail * * * of each item or article of tangible personal property * * * when sold at retail in this state”. Certainly no ambiguity is disclosed by these words. Now let us examine the definition of “ ‘sale at retail’ ” contained in LSA-R.S. 47:301 (10), wherein this concise language, appears:
“ ‘Retail sale,’ or ‘sale at retail,’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property * *
The definition “is, clear and no construction is needed. Furthermore, a construction to the effect that the phrase “resale in the form of tangible personal property” included “renting” is clearly erroneous. A sale and a rental are entirely distinct transactions, and this is fully recognized by the statute as we have indicated elsewhere in this opinion.
In further substantiation of its contention that the doctrine of contemporaneous construction has no application herein, *594 plaintiff points to these pertinent reasons extracted from United States v. Missouri Pacific R. R. Co., 1929, 278 U.S. 269, 49 S. Ct. 133, 136, 137, 73 L.Ed. 322.
“ * * * It is elementary that where no ambiguity exists, there is no room for construction'. Inconvenience or hardships, if any, that result from following the statute as written, fiiust be relieved by legislation. * * * Construction may not be substituted for legislation.”, Innumerable cases are cited in support’ thereof.
“It has been held in many cases that a definitely settled administrative construction is entitled to the highest respect; and, if acted oñ for a rnimber of years, such construction will not be disturbed except for- cogent reasons. * ■ * * But the court is not bound by a construction so established. Chicago M. & St. P. Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 99, 40 S.Ct. 504, 64 L.Ed. 801; U. S. v. Dickson, 15 Pet. 141, 161, 10 L.Ed. 689. The rule does not apply in cases where the construction is not' doubtful.”
The same general rule enunciated here-inabove is reiterated with some ramifications in Houghton v. Payne, 1904, 194 U.S. 88, 99, 24 S.Ct. 590, 593, 48 L.Ed. 888:
“But in addition to these considerations it is well settled that it is only where the language of the statute is ambiguous and susceptible of two reasonable interpretations that weight is given to the doctrine of comtempora-neous construction. U. S. v. Graham, 110 U.S. 219, 3 S.Ct. 582, 28 L.Ed. 126; U. S. v. Finnell, 185 U.S. 236, 22 S.Ct. 633, 46 L.Ed. 890. Contemporaneous construction is a rule of interpretation, but -is not an absolute one. It does not preclude an inquiry by the courts as to the original correctness of such construction. A custom of the Department, however, long continued by successive officers, must yield to the positive language of the statute. As was said in the Graham Case, ‘if There were ambiguity or doubt, then such a practice, begun so early and continued so long, Hyould be in the highest degree persuasive, if not absolutely controlling, in its effect. But with the language clear and precise, and with its meaning evident, there is no room for construction, and consequently no need of anything to’ give it aid. The cases to this effect are numerous.’ ”
A very conscise statement of the foregoing rule is written in 82 C.J.S., Statutes, 359, at p. 783, which reads:—
' “Although the administrative construction of a tax statute is not' controlling on the -courts, it will not -be disturbed except for cogent reasons. However, resort need not be had to administrative construction where the statute is clear and unambiguous; nor will it be followed where it is clearly erroneous.”
The same rule prevails in this State and has been enunciated in the relatively recent case of Liquidation of Canal Bank & Trust Company, 1947, 211 La. 803, 30 So.2d 841, 849, wherein the court during the course of its opinion asserted:—
“While it is the generally accepted rule that the contemporaneous construction given a statute by those charged with its execution is entitled to great weight and should not be disregarded except for cogent reasons, this rule is not' controlling, particularly if such construction is erroneous. State v. Standard Oil Co. of La., 188 La. 978, 178 So. 601; State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77; 25 R.C.L. 1043, Sections 273 and 274; and 50 Am.Jur. 309, Section 319.”
We are of the opinion that the vehicles purchased by the defendant and subsequently rented by it are encompassed by the pertinent provisions of. the -act. The statute is obviously free from ambiguity and the 1939 ruling of the Collector relied upon by defendant- is clearly erroneous; therefore, the doctrine of contemporaneous construction is inapplicable and defendant is accordingly liable for the tax.
*595 In conformity with the provisions of LSA-R.S. 47:1574 et seq. we handed down our decree within forty-eight hours after the foregoing case was submitted.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.