110 So.2d 847 (1959)
STATE LICENSING BOARD OF CONTRACTORS et al., Plaintiffs-Appellants,
v.
STATE CIVIL SERVICE COMMISSION et al., Defendants-Appellees.
No. 4754.
Court of Appeal of Louisiana, First Circuit.
March 23, 1959.
Rehearing Denied April 27, 1959.
*848 John L. Avant, Baton Rouge, Lon Tyndall, Lake Charles, for appellants.
Louis S. Quinn, Baton Rouge, Plauche & Plauche, Lake Charles, for appellees.
Before ELLIS, LOTTINGER, TATE, JONES and LANDRY, JJ.
TATE, Judge.
The central question of this litigation concerns whether the employees of the State Licensing Board for Contractors ("the Contractors' Board") are subject to the Civil Service Amendment to the Louisiana Constitution of 1921, Section 15 of Article XIV, L.S.A.
The Contractors' Board and its individual members appeal from dismissal of their suit to enjoin the State Civil Service Commission and its members from holding a public hearing to determine whether the Contractors' Board had employed and paid personnel without complying with the mandatory provisions of the Civil Service Amendment regulating state employment.
Under the terms of this constitutional provision, the classified Civil Service of the State includes "all offices and positions of *849 trust or employment in the employ of the State, or any department, independent agency or other agency, board or commission thereof", Paragraph (A) (2), including those created after the effective date of the amendment, Paragraph (G) (b), except for eighteen specifically exempted types of employees (such as elective officers, city attorneys, legislative employees, etc.), Paragraph (G) (a). The legislature is further prohibited by this constitutional amendment from increasing the exemptions from civil service thus specifically listed. Paragraph (G)(c).
Admitting that it has not attempted to comply with civil service regulations in the procurement of its personnel, the Contractors' Board does not contend that its employees as a group fall within any of the exemptions from coverage specifically set forth by Paragraph (G) (a) of the Civil Service Amendment. Instead, the position of the appellant Board is: (1) that the legislature, which created said Board by Act 233 of 1956 (LSA-R.S. 37:2151-2163), did not intend that it be subject to civil service requirements in the employment of its personnel; and (2) that the Board is not a state agency within the definition of the Civil Service Amendment because it is financed by contractors' license fees collected by itself rather than by state appropriations.
Conceding that not even a new state agency could constitutionally be exempted from civil service regulation, the Board's able counsel contends that the legislative intention of the 1956 Act creating the Contractors' Board was not to constitute the Board as a state agency and not to subject the Board to civil service.[1]
The appellant "State Licensing Board for Contractors" was created by Act 233 of 1956, which was enacted (according to its title) "To regulate the practice of contracting in Louisiana". (Italics ours.) No person or firm may engage in contracting as defined by the statute unless licensed to do so by the Board, Section 10 (LSA-R.S. 37:2160), nor may any awarding authority issue specifications or receive bids except from licensed contractors, Section 13 (37:2163), under penalties of criminal sanctions for failure to comply with such statutory regulations. The license fees fixed by the Board pursuant to its statutory authority must be approved by the Governor, Section 6, subd. D (37:2156, subd. D); as noted below, they are levied through the exercise of state governmental powersthat is, they are not voluntary private contributions by the contractors. The Board is statutorily required to make annual reports to the Governor. Section 5 (37:2155), and its membership is appointed by the Governor, Section 1 (37:2151.)
The Board, as created by Act 233 of 1956, is clearly a state Board or agency; and, as such, it is subject under our State Constitution to regulation by civil service. There is not the slightest indication in the Act itself that the legislature intended otherwise.
The broad regulatory powers entrusted to the appellant Board by the Act could not constitutionally be delegated to a private or non-governmental agency. Tichenor Antiseptic Co. v. Schwegmann Bros., etc., 231 La. 51, 90 So.2d 343, 60 A.L.R.2d 410; City of Alexandria v. Alexandria Fire Fighters Ass'n, 220 La. 754, 57 So.2d 673; see also: Louisiana Motor *850 Vehicle Comm. v. Wheeling Frenchman, 235 La. 332, 103 So.2d 464. Nor could the Legislature constitutionally exempt this new State agency from civil service regulation. Paragraph (G), Civil Service Amendment. Were the present enactment susceptible to the interpretation urged upon us by appellants, under such it would be clearly unconstitutional; and an interpretation of a statute by which it is constitutional must be favored over one by which it is unconstitutional, if it is reasonably susceptible to both interpretations. Conley v. City of Shreveport, 216 La. 78, 43 So.2d 223; In re Interstate Trust & Banking Co., 204 La. 323, 15 So.2d 369; Williams v. Department of Highways, La.App. 1 Cir., 92 So.2d 98.
The suggestion of appellants that weight should be given to the contemporaneous construction of the act by the Contractors' Board (which considered itself legislatively exempted from civil service) overlooks that while contemporaneous construction by governmental agencies charged with administering a statute may furnish the courts a guide to interpretation when the statutory meaning is unclear, nevertheless contemporaneous administrative construction cannot be determinative as to the effect of unambiguous legislation such as we hold the present to be. Roberts v. City of Baton Rouge, La.Sup., 108 So.2d 111; State v. U-Drive Car Co., La.App., Orleans, 79 So.2d 590, certiorari denied. (It is also to be noted that the Civil Service Commission, charged with administering the civil service system of the State, has from the initial creation of the appellant Board in 1956 consistently sought to subject it to civil service regulations, the present being the third suit concerning the question.)
In support of its argument that the Contractors' Board as created was intended to be exempt from civil service regulation, appellants rely upon a "Concurrent Resolution" adopted by both houses of the Legislature of 1958, which declares that "Whereas there appears to be some question of legislative intent in the creation and establishment of the State Licensing Board by Act 233 of the 1956 Regular Session of the Legislature * * * Therefore, be it resolved * * * that the Legislature does hereby declare that it was not its intent to establish the State Licensing Board for Contractors as an agency of the state, and it was not its intent to place the Board under the State Civil Service Commission."
It is not contended that this concurrent resolution adopted without compliance with the constitutional requirements (Article III, Sections 7, 8, 26, La.Constitution) was intended to be enacted or effective as amendatory legislation. Cf. Jefferson Lake Sulphur Co. v. State, 213 La. 1, 34 So.2d 331; 82 C.J.S. Statutes § 20, p. 47. The resolution is simply relied upon as a definitive expression in 1958 with full knowledge of the present pending litigation[2] by a legislature composed of the same members, as to the intent of the statute enacted previously at the 1956 session.
However, it is not within the constitutional province of the legislature thuswise to construe earlier enactments involved in litigation (City of New Orleans v. Louisiana Mut. Ins. Co., 26 La.Ann. 499, at page 500: "If the act of 1874 was to interpret the acts of 1871 and 1872, as seems to be its purpose, it is unconstitutional, because trenching upon the jurisdiction of the judiciary. To interpret laws is not within the powers of the General Assembly; it is not a legislative, but a judicial function"), cf. Perry v. Com'rs of Clinton & Port H. R. Co., 11 Rob. 412, nor to direct what construction shall be placed upon constitutional provisions, Cotton v. Brien, 6 Rob. 115; such construing constituting a judicial function. See Article II, Sections 1 and 2, La.Constitution, providing for separation of governmental powers between *851 the legislative, executive, and judicial departments. Insofar as the concurrent resolution in question is concerned, the principle stated at 16 C.J.S. Constitutional Law § 112, pp. 499-500, seems applicable, especially since construction of the earlier statute does not involve doubtful intent: "The interpretation of existing statutes is a judicial function with which the legislature cannot interfere, and statutes granting no new rights but merely construing former enactments are void as encroachments upon the judiciary * * *"
Appellants finally contend that said Board is not a state agency within the intendment of the Civil Service Amendment and subject to regulation thereby because its operations are financed by license fees collected by the board itself rather than by state appropriations. But accepting the doubtful thesis of the appellants that certain language in Paragraph (A) (2) restricts civil service coverage to employees paid by "state * * * funds" (or also by federal, parochial, or municipal funds), appellants' argument that by reason thereof the appellant Board is not within the definition of public agencies subject to the Civil Service Amendment depends upon an incorrect assumption that "state funds" used in such context comprise only money appropriated by the legislature and cannot consist of license fees collected by the Board itself.
The power to license occupations and to exact license fees from those engaging therein may involve an exercise either of the regulatory police powers of the state or of the power to tax for revenue, City of New Orleans v. Christian, 229 La. 855, 87 So.2d 6, Giamalva v. Cooper, 217 La. 979, 47 So.2d 790, Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11, 53 C.J.S. Licenses §§ 4, 6, pp. 461, 464; but in either event, revenues raised through exercise of such governmental powers by an agency created by the legislature and pursuant to legislative authorization constitute state funds no less than revenues deposited in the State Treasury or paid to other departments or instrumentalities of the State government, 42 Am.Jur. "Public Funds", Sections 2 (p. 718), 3 (p. 719); cf. Black's Law Dictionary (3d ed., 1953) "Revenue" p. 1553, "License fee or tax" p. 1112; 35 Words & Phrases, Public Funds, p. 101; and no authority is cited to the contrary. Revenues derived from such license fees are "state" as opposed to "private" funds, cf. LSA-R.S. 39:131, State v. DeVerges, 153 La. 349, 95 So. 805, 27 A.L.R. 1526, and although maintained in the Contractors' Board's own bank accounts rather than deposited in the State Treasury, such funds are nevertheless public funds of the state, since the Board is a state agency, cf. LSA-R.S. 39:133: "All operating bank accounts of state agencies and all balances in the operating bank accounts shall be public funds until final disbursement is made therefrom."
For the foregoing reasons, the judgment of the District Court dismissing plaintiffs' suit is affirmed.
Affirmed.
NOTES
[1] Even conceding that the board as created was a state board unconstitutionally exempted from civil service and that thereby its creation might be subject to invalidation in appropriate judicial proceedings, appellants alternatively argue that the Civil Service Commission is without jurisdiction in defiance of the legislative intention to regulate the employment of the Board's personnel; somewhat on the principle that the unconstitutional civil service exemption would not be severable from the creation of the Board itself. We do not reach consideration of this alternative contention because, as noted below in this opinion, we do not find any legislative intention to exempt the Board from civil service.
[2] The resolution was adopted on July 7, 1958, just prior to the trial on the merits on July 14, 1958 of the present suit, which was filed on April 14, 1958.