GARDINER, Justice ad hoc.
 

 The plaintiffs, State Licensing Board for Contractors and its individual members, contending that the defendant State Civil Service Commission is wholly without jurisdiction to investigate into or concern itself with the affairs of the plaintiff Board because the said Board is not a state agency within the meaning of the Civil Service Amendment of the Constitution of Louisiana (Article 14, Section 15), LSA, sought an injunction to restrain the Civil Service Commission and its individual members from holding a proposed public hearing to determine whether the Contractors’ Board had employed and paid personnel without complying with the mandatory provisions of the Civil Service law, and to restrain defendants’ attempt to coerce by subpoena the attendance at said public hearing of certain employees of the Board as well as to compel the production of various books, records and documents of the Board. From •the judgment rendered therein, rejecting the plaintiffs’ demands and dismissing their suit, an appeal was perfected to the Court qí Appeal, First Circuit (this Court meanwhile having ordered reinstatement of the District Court’s temporary restraining order until final adjudication by the Court of Appeal), and the matter is now before us on writs granted on plaintiffs’ application following the action of the Court of Appeal in affirming the judgment of the District Court dismissing plaintiffs’ suit. See 110 So.2d 847, 849.
 

 The Court of Appeal, in rejecting the. Board’s contention that the legislative in-., tention in adopting Act 233 of 1956, by which the State Licensing Board for Contractors was created (LSA-R.S. 37:2151 et seq.) was
 
 not
 
 to constitute the Board as a State agency and
 
 not
 
 to subject the Board to civil service, analyzed the various provisions of the said Act, and observing that
 
 *336
 
 it is devoid of the slightest indication that the Legislature so intended, held that “The Board * * * is clearly a state Board or agency; and, as such, it is sub j ect under our State Constitution to regulation by civil service * * * ”—in addition to which the Court pointed out on the one hand that the broad regulatory powers entrusted to the Board by the Act could not constitutionally be delegated to a private or nongovernmental agency, and on the other hand that the Legislature could not constitutionally exempt this new State agency from civil service regulation in the face of the express language of the Civil Service Amendment.
 

 Counsel for plaintiffs did not file a brief in this Court but stated upon oral argument here that plaintiffs stood on the representations contained in their application for writs and in their original brief in the Court of Appeal; turning, therefore, to the application, it is said that “the principal error of constitutional law committed by the Court [of Appeal] in its opinion in this case was the action of the Court in completely ignoring the provisions of House Concurrent Resolution Number 48 of the Regular Session of 1958 even though the Court felt, apparently, that the Resolution was a definitive expression as to the intent of the Legislature in enacting Act 233 of 1956,”
 
 [1]
 
 and that the reason for such action on the part of the Court of Appeal was “an erroneous holding that said Resolution constituted an unconstitutional entrenchment upon the jurisdiction of the judiciary.” A further “serious error of constitutional law” assigned in the application was the action of the Court of Appeal “in passing on the constitutionality of Act 233 of 1956 when that matter was not at issue.” Counsel say that “the Court unnecessarily went out of its way to rule that if Act 233 of 1956 were given the only interpretation possible in view of the obvious intent of the Legislature in enacting the same, that the [Act] would be unconstitutional” and that the Court “has actually legislated into existence a state agency subject to the jurisdiction of the Civil Service Commission which it was never the intention of the Legislature of this State to create.” On argument here the point made by plaintiffs’ counsel, as best we were able to understand, was that in view of the
 
 *338
 
 legislative declaration of intent that the Board should not be subject to the Civil Service Commission, a direct attack on the constitutionality of the Act would have been an appropriate judicial procedure; but that the result reached in the Court below amounted to a substitution of the Court’s will for the legislative will and thus violates the constitutional principle of separation of powers; and counsel submit that the Court should have declared the legislative intent to be as enunciated in the Concurrent Resolution of 1958, and then givén it effect for the purpose of this injunction suit.
 
 [2]
 

 The above reasoning in its initial phase ignores two cardinal principles, by assuming (a) that Concurrent Resolution No. 48 adopted by both Houses of the Legislature of 1958, a mere declaratory resolution approved without the formalities prescribed as essential to the passage of a law,
 
 [3]
 
 must be given legal force and effect as a definitive expression of the legislative will with respect to an act adopted at a previous session, and (b) that it is within the province of the Legislature to construe its earlier enactments. To interpret laws is not a legislative, but a judicial function, and this fundamental rule of constitutional law has not only been uniformly observed in the pronouncements of the courts of this State
 
 [4]
 
 but has been ennunciated by the highest tribunals in numerous other States
 
 *340
 
 of the Union;
 
 [5]
 
 and the rationale of the principle, based on the separation of powers, is the more compelling where, as in the case at bar, the earlier enactment is not couched in doubtful phraseology and is at the time of the Legislature’s declaration of intent involved in litigation. It remains only to be said that the Court of Appeal, in its statement and application of the above principles, correctly disposed of the issues; and the .strained argument which plaintiffs now advance is totally without merit.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 . It appears that just prior to the trial on the merits of the present suit (July . 14, 1958) a “Concurrent Resolution” . was adopted by both houses of the Legislature (July 7, 1958) declaring that • “Whereas there appears to be some question of legislative intent in the creation and establishment of the State Licensing Board by Act 233 of the 1956 Regular Session of the Legislature * * * Therefore, be it resolved * * that the Legislature does hereby declare that it was not its intent to establish the State Licensing Board for Contractors as an agency of the state, and it was not its .intent to place the Board under the State ' Civil Service Commission.”
 

 [2]
 

 . This is similar to an alternative contention made in the Court of Appeal and mentioned in footnote 1 of the Court’s opinion, thus: “Even conceding that the board as created was a state board unconstitutionally exempted fom civil service and that thereby its creation might be subject to invalidation in appropriate judicial proceedings, appellants alternatively argue that the Civil Service Commission is without jurisdiction in defiance of the legislative intention to regulate the employment of the Board’s personnel; somewhat on the principle that the unconstitutional civil service exemption would not be severable from the creation of the Board itself. We do not reach consideration of this alternative contention because, as noted below in this opinion, we do not find any legislative intention to exempt the Board from civil service.” 110 So.2d at page 849.
 

 [3]
 

 . La.Const. of 1921, Art. 3; in Section 7 there is set forth the mandatory style of the laws of this State; in Section 8 of that Article several subjects are dealt with, including the date for commencement of regular sessions, rules for general, budgetary, and special sessions, time limit for introduction of bills, and for duration of sessions; and Section 26, which deals with the signing of bills and their delivery to the Governor.
 

 [4]
 

 .See Cotton v. Brien, 6 Rob. 115, at page 119; Perry v. Com’rs, etc., of Clinton & Port Hudson R. Co., 11 Rob. 412, at page 416; City of New Orleans v. Louisiana Mutual Insurance Co., 26 La. Ann. 499, wherein it is said: “If the act of 1874 was to interpret the acts of 1871 and 1872, as seems to be its purpose, it is unconstitutional, because trenching upon the jurisdiction of the judiciary. To interpret laws is not within the powers of the General Assembly; it is not a legislative, but a judicial function,” (26 La.Ann. at page 499); Louisiana Board of Trustees, etc. v. Dupuy, 37 La.Ann. 188, at page 191; Parish of Caddo v. Parish of DeSoto, 114 La. 366,
 
 *340
 
 38 So. 273, where the Court said: “The matter involved is the interpretation of the statute, and assuredly the interpretation of statutes is a judicial and not a legislative function” (114 La. at page 367, 38 So. at page 273) ; State ex rel. Parish Board of Health, etc. v. Police Jury, 161 La. 1, 108 So. 104, wherein the rule is expressed thus: “The construing of statutes * * * manifestly, is not the exercise of either the legislative or executive powers of the state government, but purely of a judicial function” (161 La. at page 7, 108 So. at page 106).
 

 [5]
 

 . 16 O.J.S. Yerbo Constitutional Law § 112, p. 499 and citations under notes 72 and 73.