Bruce HOROWITZ, William Parker, James Love, David Loutrel, Wilson A. Rice, John E. Duggan, Donald E. Clocksin, Thomas G. Beck, Elizabeth Ratner, Randall Simpson, Philip R. Volland, Jeffrey Lowenfels, Appellants/Cross-Appellees,

v.

The ALASKA BAR ASSOCIATION, Appellee/Cross-Appellant.

Nos. 4310, 4311.

Supreme Court of Alaska.

April 4, 1980.

Michael J. Frank, Richard Brown, and Gregory M. O'Leary, Anchorage, for appellants/cross-appellees.

John M. Conway and Patrick B. Gilmore, Atkinson, Conway, Young, Bell & Gagnon, Anchorage, for appellee/cross-appellant.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and BURKE, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

At issue in this case is whether a meeting of the Board of Governors of the Alaska Bar Association held in Hawaii in 1978 was valid.

This is an appeal from an order of the Superior Court, Third Judicial District, Anchorage, Mark C. Rowland, J., granting the Alaska Bar Association's (hereinafter ABA) motion for judgment on the pleadings pursuant to Alaska Rule of Civil Procedure 12(e) but denying ABA's motion for attorney's fees. The suit was brought against the ABA by ten members and two non-members seeking a declaration that a business meeting of the ABA Board of Governors held in Kauai, Hawaii in February, 1978,[1] was void because it violated their federal and state due process rights and Alaska's open meeting statute. Appellants challenge the Superior Court's rejection of their due process claims and the finding that the open meeting statute, as part of the Administrative Procedure Act, is not applicable to the ABA. The ABA has cross-appealed from the superior court's denial of its motion for an attorney's fee award. The superior court denied that award on the ground that the suit constituted public interest litigation.

The open meeting statute contained in Sections .310 and .312 of the Alaska Administrative Procedure Act, AS 44.62, requires that the meetings of a number of public agencies and entities be open to the public, that votes be recorded in a certain manner, that executive sessions be held in conformity with the act and limited to the discussion of certain enumerated subjects, and that reasonable public notice be given for all meetings required to be open under the act.[2]

---

1. The Board of Governors' meeting was held in conjunction with a continuing legal education program conducted in Kauai for the members of the ABA.

2. AS 44.62.310 provides in full:

   *Agency meetings public.* (a) All meetings of a legislative body, of a board of regents, or of an administrative body, board, commission, committee, subcommittee, authority, council, agency, or other organization, including subordinate units of the above groups, of the state or any of its political subdivisions, including but not limited to municipalities, boroughs, school boards, and all other boards, agencies, assemblies, councils, departments, divisions, bureaus, commissions or organizations, advisory or otherwise, of the state or local government supported in whole or in part by public money or authorized to spend public money, are open to the public except as otherwise provided by this section. Except when voice votes are authorized, the vote shall be conducted in such a manner that the public may know the vote of each person entitled to vote. This section does not apply to any votes required to be taken to organize the afore-mentioned bodies.

   (b) If excepted subjects are to be discussed at a meeting, the meeting must first be convened as a public meeting and the question of holding an executive session to discuss matters that come within the exceptions contained in (c) of this section shall be determined by a majority vote of the body. No subjects may be considered at the executive session except those mentioned in the motion calling for the executive session unless auxiliary to the main question. No action may be taken at the executive session.

   (c) The following excepted subjects may be discussed in an executive session:

   (1) matters, the immediate knowledge of which would clearly have an adverse effect upon the finances of the government unit;

   (2) subjects that tend to prejudice the reputation and character of any person, provided the person may request a public discussion;

   (3) matters which by law, municipal charter, or ordinance are required to be confidential.

   (d) This section does not apply to

   (1) judicial or quasi-judicial bodies when holding a meeting solely to make a decision in an adjudicatory proceeding;

   (2) juries;

   (3) parole or pardon boards;

   (4) meetings of a hospital medical staff; or

   (5) meetings of the governing body or any committee of a hospital when holding a meeting solely to act upon matters of professional qualifications, privileges or discipline.

   (e) Reasonable public notice shall be given for all meetings required to be open under this section.

   (f) Action taken contrary to this section is void.

█ The Alaska Bar Association concedes, for the purpose of this appeal, that the Hawaii meeting did not comply with the open meeting statute in a number of respects.[3] The question presented is simply whether the ABA is exempt from the open meeting statute, as part of the Administrative Procedure Act, by reason of AS 08.08.-100, which provides:

"*Administrative Procedure Act.* The bylaws and regulations adopted by the board or the members of the Alaska Bar under this chapter are not subject to the Administrative Procedure Act (AS 44.-62)."

Appellants assert that this language meant only to exempt the ABA from the procedures prescribed by the Administrative Procedure Act for the adoption of bylaws and regulations. If the meaning of a statute is plain it should be enforced as it reads without judicial modification or construction. *Poulin v. Zartman*, 542 P.2d 251, 270 (Alaska 1975), *reh.*, 548 P.2d 1299 (Alaska 1975); *Application of Babcock*, 387 P.2d 694, 696 n. 6 (Alaska 1963); Sutherland, *Statutes and Statutory Construction*, § 45.-02 at 4–5 (4th ed. 1973).

The language of AS 08.08.100 is clear. It exempts the bylaws and regulations themselves, not merely their method of adoption, from the Administrative Procedure Act, both by naming that act and by referring to the chapter number, AS 44.62. There is nothing in this language which hints that the exemption should be any narrower in scope.

Other statutory provisions empower the ABA to adopt "reasonable bylaws and regulations, and other reasonable provisions concerning annual and special meetings" and "all other matters affecting in any way the organization and functioning of the Alaska Bar." AS 08.08.080(a)(3), (a)(6) and (b)(2). The Hawaii meeting was convened in accordance with the bylaws adopted by the ABA.[4] Thus, if these provisions are applied in accordance with the plain meaning of AS 08.08.100, the Hawaii meeting was lawful.

█ Alternatively, appellants argue that despite AS 08.08.100, the ABA is subject to the open meeting statute. They contend that because the open meeting statute was repealed and re-enacted in 1966, it is no longer part of the Administrative Procedure Act, and that it is a new, independent enactment, operating upon all subjects

AS 44.62.312 states:
*State policy regarding meetings.* (a) It is the policy of the state that
(1) the governmental units mentioned in § 310(a) of this chapter exist to aid in the conduct of the people's business;
(2) it is the intent of the law that actions of those units be taken openly and that their deliberations be conducted openly;
(3) the people of this state do not yield their sovereignty to the agencies which serve them;
(4) the people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know;
(5) the people's right to remain informed shall be protected so that they may retain control over the instruments they have created.
(b) Section 310(c)(1) of this chapter shall be construed narrowly in order to effectuate the policy stated in (a) of this section and avoid unnecessary executive sessions.

3. In answer to an interrogatory, the ABA admitted that public notice was not given, although notice was given in the Alaska Bar

Brief and was sent to the officers of the ABA, the members of the Board of Governors, and to the presidents of local bar associations, as required by the ABA's bylaws. During the Hawaii meeting the Board of Governors held a number of executive sessions without following AS 44.62.310(b), and subjects were discussed which do not fall within AS 44.62.310(c) and (d).

4. Article V, Section 8, of the ABA's bylaws provides in relevant part:
"Section 8. MEETINGS.
(a) *Regular Meetings.* Unless otherwise ordered by the Board of Governors, the regular meetings of the Board *shall be held at such times and places as designated by the President.* It shall be the duty of the Executive Director to mail timely notice of each meeting of the Board of Governors to the officers of the Alaska Bar Association, members of the Board of Governors, and to the presidents of local Bar Associations, together with a tentative agenda."

within its scope.[5] But the legislature did not remove the open meeting statute from chapter 62 of title 44, which is denominated the Administrative Procedure Act,[6] and there is no other indication that the legislature intended to do so. To the contrary, the fact that the legislature repealed the original statute and replaced it with another which was given the same statutory numeration is ample evidence that the legislature intended to merely amend the statute.

Moreover, the interpretation contended for by appellants would mean that the legislature's action in 1966 amounted to an implied repeal of AS 08.08.100, a result which we should be reluctant to reach in the absence of an irreconcilable conflict between the two statutes. *Peters v. State*, 531 P.2d 1263, 1268 (Alaska 1975). Cutting against this argument is the legislature's action in 1976, ten years after the re-enactment of the open meeting statute, broadening the exemption of AS 08.08.100 from merely "rules" to "by-laws and regulations." Ch. 181, § 8, SLA 1976.[7]

We hold that the Board of Governors' meeting in question was not subject to the requirements of AS 44.62.310. It follows that the meeting was valid. The superior court ruled correctly on this question.

■ Appellants also claim that by reason of the meeting being held in Hawaii, they were denied due process of law. We will take cognizance of a due process claim only where there is an alleged deprivation of a sufficient liberty or property interest to warrant constitutional protection. *Herscher v. State Dept. of Commerce*, 568 P.2d 996, 1002 (Alaska 1977); *Nichols v. Eckert*, 504 P.2d 1359, 1362 (Alaska 1963). On the record we do not think that a cognizable deprivation of property or liberty has been made out. We find no merit in this contention.

■ As to appellee's cross-appeal, we find no abuse of discretion by the superior court in denying appellee an award of attorney's fees, because the case was brought in the public interest, under Civil Rule 82. *Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974).

AFFIRMED.

DIMOND, Senior Justice, with whom RABINOWITZ, Chief Justice, joins, dissenting in part.

AS 08.08.100 provides:

> *Administrative Procedure Act.* The by-laws and regulations adopted by the board or the members of the Alaska Bar under this chapter are not subject to the Administrative Procedure Act (AS 44.62).

The effect of the majority opinion is to hold that this statute plainly [1] exempts from the Administrative Procedure Act not only the Alaska Bar Association's method of adopting bylaws and regulations, but also any act of the Alaska Bar which happens to be authorized by bylaw or regulation, including violation of the open meeting act, AS 44.62.310. With this, I disagree.

---

**5.** The ABA's exemption from the Administrative Procedure Act as to "rules" adopted by the Board of Governors of the ABA was created in 1960. Ch. 178, § 3, SLA 1960. In 1976 the exemption was changed to "by-laws and regulations." Ch. 181, § 1, SLA 1976.

**6.** AS 44.62.650 states:
   "This chapter may be cited as the Administrative Procedure Act."

**7.** It is noteworthy that in 1978 the legislature, in exempting the Alaska Housing Finance Corporation from the Administrative Procedure Act, expressly did not exempt it from the open meeting statute. AS 18.56.088, Ch. 167, § 5,

SLA 1978. Therefore, it is reasonable to conclude that when the legislature acted concerning the ABA in 1976, it consciously granted the ABA a broad exemption from AS 44.62.

**1.** The majority relies on *Poulin v. Zartman*, 542 P.2d 251, 270 (Alaska 1975), for the proposition that a statute whose meaning is plain is not subject to judicial construction. But in *Poulin* the court also said that the plain meaning rule applies if the legislative language is " 'so unambiguous as to leave no doubt as to the meaning or scope of the result dictated.' " 542 P.2d at 270. I do not find any plain legislative intent to exempt the Alaska Bar from the open meeting act, AS 44.62.310–.312.

The main impact[2] of the Act on state agency regulations is to provide a detailed and comprehensive procedure for their adoption, promulgation, amendment and repeal,[3] and for judicial[4] and legislative[5] review. If the bylaws[6] and regulations of the Alaska Bar were subject to the Act, they would be subject to the *procedural* requirements of the Act with respect to their adoption and other handling, because that is the principal relevance of the Act to such bylaws and regulations. The effect of AS 08.08.100 making these bylaws and regulations "*not* subject to the Administrative Procedure Act (AS 44.62)" (emphasis added), is that they are not subject to the procedural aspects of the Act, *i. e.*, their method of adoption is not governed by the Administrative Procedure Act, but rather by action of the Alaska Bar Association or its Board of Governors under the Alaska Integrated Bar Act.[7]

The majority errs, I believe, in concluding from the fact the Alaska Bar's bylaws and regulations are exempt from the Administrative Procedure Act that the Alaska Bar, as an agency, is exempt from the Administrative Procedure Act, including its open meeting requirements. AS 44.62.310—.312, the open meeting statute, is a portion of the Administrative Procedure Act. It does not deal at all with the procedural aspects of the adoption of regulations, and purports by

its terms to encompass the activities of legislative-created agencies such as the Alaska Bar Association and its Board of Governors. It follows that the Association and Board are subject to the Administrative Procedure Act to this extent. Article 6 of Title 44, chapter 62 (AS 44.62.310—.312), requires meetings of a broad range of governmental agencies of the state and its political subdivisions to be open to the public. AS 44.62.310 provides in part:

*Agency meetings public.* (a) All meetings of a legislative body, of a board of regents, or of an administrative body, board, commission, committee, subcommittee, authority, council, agency, or other organization, including subordinate units of the above groups, of the state or any of its political subdivisions, including but not limited to municipalities, boroughs, school boards, and all other boards, agencies, assemblies, councils, departments, divisions, bureaus, commissions or organizations, advisory or otherwise, of the state or local government supported in whole or in part by public money or authorized to spend public money, are open to the public except as otherwise provided by this section.

This comprehensive statute includes meetings of the Board of Governors of the Alaska Bar Association not exempted under AS 44.62.310(c) and 44.62.310(d).[8] This is so

2. There is a substantive, rather than merely procedural, aspect of the Act as it relates to regulations. AS 44.62.030 provides:

*Consistency between regulation and statute.* If, by express or implied terms of a statute, a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent with the statute and reasonably necessary to carry out the purpose of the statute.

However, this section has no relevance to the controversy in this case.

3. AS 44.62.040—.290.

4. AS 44.62.300.

5. AS 44.62.320.

6. I would hold that "bylaws" fall generally in the category of regulations, since they are "[r]egulations . . . [or] rules . . .

adopted by an association . . . for its government." Black's Law Dictionary at 182 (5th ed. 1979).

7. AS 08.08.080(b)(2) provides in part that the Board of Governors of the Alaska Bar Association may "adopt reasonable bylaws and regulations consistent with the Alaska Bar Rules." AS 08.08.090 provides:

*Power of the bar to make or change bylaws and regulations.* Any bylaw or regulation adopted by the Board of Governors may be modified or rescinded, or a new bylaw or regulation may be adopted, by a vote of the active members of the association under bylaws and regulations to be prescribed by the Board of Governors.

8. AS 44.62.310(c) provides:

The following excepted subjects may be discussed in an executive session:

because the legislature created the Alaska Bar Association and its Board of Governors, and expressly provided that the Association was created as an "instrumentality of the state." AS 08.08.010. Furthermore, the Alaska Bar is "supported . . . in part by public money or authorized to spend public money" as that term is used in defining the scope of the open meeting statute, AS 44.62.310(a). First, the Alaska Court System provides a portion of the Alaska Bar's income for various purposes. The Alaska Court System in turn is supported by legislative appropriations. Second, the Board is empowered by the legislature to "fix the annual membership fee for active and inactive members," AS 08.08.080(b)(4), and to adopt reasonable provisions "concerning the collection, deposit, and disbursement of membership and admission fees, penalties, and all other funds." AS 08.08.-080(a)(4). There can be little question that the mandatory annual dues paid to the Association by its members to support the Association constitute "public money" as that term is used in AS 44.62.310(a). As was stated by a Louisiana appellate court,

> [R]evenues raised through exercise of such governmental powers by an agency created by the legislature and pursuant to legislative authorization constitute state funds no less than revenues deposited in the State Treasury . . . .

*State Licensing Board of Contractors v. State Civil Service Commission*, 110 So.2d 847, 851 (La.App.1959), *aff'd*, 240 La. 331, 123 So.2d 76 (1960).

I conclude that the public meeting portion of the Administrative Procedure Act is applicable to the Board of Governors of the Alaska Bar Association.

(1) matters, the immediate knowledge of which would clearly have an adverse effect upon the finances of the government unit;
(2) subjects that tend to prejudice the reputation and character of any person, provided the person may request a public discussion;
(3) matters which by law, municipal charter, or ordinance are required to be confidential.
AS 44.62.310(d) provides:

The Alaska Bar Association admits that its Hawaii meeting did not comply with the open meeting statute in a number of respects. These are listed in note 3 of the court's opinion. It is my opinion that there is another way in which the meeting did not comply with the requirements of the statute. That is the fact that the meeting was held in Hawaii and not in Alaska. I believe it is fair to presume that when the Alaska legislature required meetings to be "open to the public," it contemplated that the "public" should consist principally of people residing in Alaska. It would follow from this that Alaska residents should not be expected to travel outside the state in order to take advantage of their right to be present at a meeting of an Alaska governmental agency. In my opinion, the public meeting statute was violated by the fact that the Board of Governors met in Hawaii and not in Alaska.

With respect to the cross-appeal regarding denial of attorney's fees to the Alaska Bar, I concur in the court's holding.

RABINOWITZ, Chief Justice, dissenting in part.

I concur in Senior Justice Dimond's dissent. In addition to the grounds advanced by Justice Dimond, I wish to note a further point of disagreement with the majority opinion. More particularly, I have concluded that even if the Alaska Bar Association's meeting was exempt from the Administrative Procedure Act, holding the meeting in Hawaii violated Article IX, Sec. 6 of the Alaska Constitution, which provides:

*Public Purpose.* No tax shall be levied, or appropriation of public money made, or public property transferred, nor shall the public credit be used, except for a public purpose.

This section does not apply to
(1) judicial or quasi-judicial bodies when holding a meeting solely to make a decision in an adjudicatory proceeding;
(2) juries;
(3) parole or pardon boards;
(4) meetings of a hospital medical staff; or
(5) meetings of the governing body or any committee of a hospital when holding a meeting solely to act upon matters of professional qualifications, privileges or discipline.

We have stated that the "public purpose" concept in this provision is not capable of precise definition. *Wright v. City of Palmer*, 468 P.2d 326, 330 (Alaska 1970); *Walker v. Alaska State Mortgage Ass'n*, 416 P.2d 245, 251 (Alaska 1966); *DeArmond v. Alaska State Dev. Corp.*, 376 P.2d 717, 721 (Alaska 1962). Under even the broadest of definitions, however, I have difficulty finding any legitimate public purpose in locating the meeting in Hawaii. The use of the dues mandatorily paid by ABA members, which I agree with Justice Dimond constitute public monies, to hold the meeting outside Alaska seems to me to be clearly prohibited by Article IX, Sec. 6 of the Alaska Constitution.

This same principle is subsumed within the broader constitutional guarantee of substantive due process of which appellants argue they have been deprived. Substantive due process is denied when the actions of a public agency are arbitrary and bear no reasonable relationship to a legitimate governmental purpose. *Concerned Citizens of Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974). While one challenging government action bears a heavy burden of proof under this standard, I am persuaded it has been met here. The ABA has not offered any legitimate reasons for holding the meeting in Hawaii.

The ABA alleges appellants have not shown that they were deprived of any cognizable liberty or property interest by the actions of the Board of Governors, since no issues directly affecting the appellants' livelihood were resolved at the meeting, and since none of the appellants have indicated that they attempted to attend the meeting in Hawaii or would have attended the meeting even if it had been held in Alaska. There remains the fact, however, that property of appellants in the form of mandatory dues money was spent by a public agency in an apparent arbitrary manner. This, in my opinion, is probably sufficient to establish a violation of substantive due process under the standard noted herein.