1 .SHORTESS, J.
This suit arises out of the approval of a 1% sales-and-use tax in a special election by the registered voters of the town of St. Gabriel in Iberville Parish. The passage of this tax brought the aggregate local sales-and-use tax within the incorporated limits of St. Gabriel to 4-2/3%, and appellants contend the 1996 tax violates the statutory 4% maximum imposed on sales- and-use taxes.
Prior to the passage of the 1996 tax, Iberville Parish adopted a 2% sales-and-use tax[1] and the School Board adopted a *148 1-2/3% sales-and-use tax.[2] Therefore, the aggregate sales-and-use tax being collected by Iberville Parish and School Board prior to 1996 was 3-2/3%. In 1994, St. Gabriel became an incorporated municipality of Iberville Parish. On July 20, 1996, the special election in question was held by St. Gabriel to pass a 1% sales-and-use tax under the authority of article 6, section 29(B), of the Louisiana Constitution and Louisiana Revised Statute 33:2711. The municipal tax passed and was to become effective on October 1, 1996. On September 26, 1996, nine chemical/industrial companies that operate in the municipal limits of St. Gabriel (plaintiffs)[3] filed a petition for declaratory judgment against the Town of St. Gabriel (defendant),[4] the Parish of Iberville,[5] and the Iberville Parish School Board.[6] Plaintiffs contend the 1996 tax caused the aggregate tax within the incorporated limits of St. Gabriel to be 4-2/3%, which violates the statutory limits of 4%. Plaintiffs and all the defendants filed cross-motions for summary judgment. On December 11, 1997, the trial court granted defendants’ motions for summary judgment, finding the 1996 tax was lawful under the constitution and the applicable statute.[7] Plaintiffs have appealed.
Plaintiffs assert five assignments of error, stating the trial court erred: 1) by holding Revised Statute 33:2711(A)(2) authorizes defendant to levy and collect a saleS-and-use tax, the rate of which, when combined with all other parish taxes, exceeds 4% ^exclusive of state taxes; 2) by failing to find that 33:2721.6(A)(2) prohibits the levy of sales-and-use taxes when they are combined with the rates of all other sales-and-use taxes charged within any parish or municipality would exceed 4%; 3) by failing to interpret 33:2711(A)(2), 33:2721.6, and Constitution articles 29(A) and 29(B) in a light favorable to the taxpayers for the language, read in pari materia, provides a 4% limitation on sales- and-use taxes levied by all political subdivisions within plaintiffs’ incorporated area; 4) by granting municipalities greater taxing authority than that enjoyed by local political subdivisions; and 5) by failing to give effect to certain words and phrases in sections 33:2711(A)(2) and 33:2721.6 that limit the combined rate levied within St. Gabriel to 4%.
ARGUMENT
The sole issue before us is whether there is a statutory 4% aggregate limit on the amount of sales-and-use taxes a local political subdivision can levy, exclusive of state taxes, absent legislative approval. Plaintiffs contend the 1996 municipal tax approved by the residents of St. Gabriel, which increased the aggregate sales-and-use tax to 4-2/3%, is unconstitutional because it exceeds 4%.
Article 6, section 29(A), of the Louisiana Constitution authorizes local governmental subdivisions and school boards to levy sales-and-use taxes.[8] Section 29(A) states *149 the authorized taxes “shall not exceed three percent.” However, under section 29(B) additional sales taxes may be authorized with approval by the legislature and a majority of the electors voting.[9] Then, in 1981, the legislature authorized any municipality to levy an additional 1% sales- and-use tax when it amended Revised Statute 33:2711.[10] In 1984, the legislature authorized parishes and school boards to | ¿levy an additional sales-and-use tax under 33:2721.6(A)(1).[11] Revised Statute 33:2721.6(A)(2) limited the authorized sales-and-use taxes a parish, municipality, or school board could levy to a maximum of 4%.[12]
This action came before the trial court by cross-motions for summary judgment. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Louisiana Code of Civil Procedure article 966 provides in pertinent part:
A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
The burden of proof is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only *150 when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted.[13]
The trial court found the 1996 tax was lawful under the Louisiana Constitution and the applicable Louisiana statutes as a matter of law. Defendant contends while 33:2721.6 sets a 4% limit, by its own terms, it applies only to parishes and school Lboards, “In addition to any other authority granted by ... the governing authority of any parish or school board may levy and collect an additional tax ...,” and that 33:2721.6 does not apply to municipalities. Further, defendant maintains 33:2721.6 does not allow additional taxes under its authority if a parish or municipality has already exceeded the 4% limit; however, it does not require parishes or school boards to reduce levies because another taxing entity adopts a tax under some separate legislative authority.
Revised Statute 33:2721.6(A)(2) explicitly states: “The [sales-and-use-tax] rate thereof, when combined with the rate of all other sales and use taxes ... within any parish or municipality, shall not exceed four percent.” (Emphasis added.) Article 6, section 29(B) of the Louisiana Constitution provides a solution for those political subdivisions that desire to have their taxes exceed the authorized limitation, which is to obtain legislative consent.[14] Defendant presented evidence showing several municipalities’ taxes are in excess of the 4% limitation and many have not acquired legislative approval. While this argument is interesting, we are bound by the express provisions of the law as dictated by the legislature, which does not allow for sales-and-use taxes in excess of 4%. Therefore, the municipal tax created by the July 20, 1996, special election is unlawful since it exceeds the maximum limit for sales-and-use taxes set by the provisions of Revised Statute 33:2721.6.
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of defendant and dismissing plaintiffs’ suit, is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.
CARTER, C.J., dissents with reasons assigned.
WEIMER, J., concurs and assigns additional reasons.
SHORTESS, J., specially concurring. I concur in that portion of Judge WEIMER’S concurrence which addresses the separation of power issues which he raised.
FOIL, J., dissents for reasons assigned by CARTER, C.J.

. The 2% parish police-jury tax includes a 1% tax pursuant to Louisiana Revised Statute 33:2721 passed in 1980; a 1/3% tax pursuant to Constitution article 6, section 29(A) passed in 1985; and a 2/3% tax pursuant to article 6, *148 section 29(B) and Revised Statute 33:2721.6 in 1991.

. The 1-2/3% school board tax includes a 1% tax pursuant to Revised Statute 33:2737 in 1966, and a 2/3% tax pursuant to Revised Statute 33:2721.6 in 1991.

. The companies that brought the suit are Ciba-Geigy Corporation, Union Texas Products Corporation, Zeneca, Inc., The Iberville Group, L.L.C., Pioneer Chlor Alkali Company, Inc., ICI Americas, Inc., Air Products and Chemicals, Inc., Arcadian Fertilizer, L.P. and Fina Oil and Chemical Company.

. Through its mayor, George L. Grace.

. Through its police-jury president, Aldrich "Tudy” Dupree.

. Through its superintendent, Charles P. Bu-jol.

. The trial court also sustained the Parish’s and the School Board’s exceptions of no cause of action and prescription and dismissed these defendants with prejudice.

. Article 6, section 29(A), provides:
Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school *149 board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.

. Section 29(B) provides:
However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.

. Revised Statute 33:2711(A) provides:
A. Any incorporated municipality of the state is hereby authorized to levy and collect a sales and use tax not in excess of two and one-half percent as hereinafter set forth:
(1) One and one-half percent as authorized by Act ...;
(2) Except in those municipalities in [certain specified parishes not relevant to this proceeding] an additional one-percent sales and use tax, authorized by Article VI, Section 29(B) of the Constitution of Louisiana, which one-percent sales and use tax shall be in addition to all other sales-and-use taxes which any incorporated municipality is authorized to levy as of the effective date of this Act.

. Revised Statute 33:2721.6(A)(1) provides:
In addition to any other authority granted by a home rule charter or otherwise, the. governing authority of any parish or school board may levy and collect an additional tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services as defined by law if approved by a majority of electors voting therein in an election held for that purpose.

. Revised Statute 33:2721.6(A)(2) provides:
The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes levied and collected within any parish or municipality, shall not exceed four percent. Any parish or school board levying or presently authorized to levy an additional sales and use tax which exceeds the four percent level described above shall not be authorized by this Section to levy an additional sales tax.

. La. C.C.P. art. 966(C)(2); Allain-Lebreton Co. v. Exxon Corp., 95-1576, p. 8 (La.App. 1st Cir. 4/4/96), 694 So.2d 296, 301.

. The court takes note that several parishes, municipalities, and school boards have sought and received such approval.