HUGHES, J.
|2In this litigation addressing the validity of a municipal sales tax ordinance, the district court issued a permanent injunction against a city, enjoining the collection of the tax. For the reasons that follow, we reverse the district court judgment and dissolve the permanent injunction.
FACTS AND PROCEDURAL HISTORY
On April 18, 1996 the mayor and aider-men of the City of St. Gabriel passed a resolution calling for a special election to be held July 20, 1996 to authorize the city to collect a 1 % sales and use tax. The tax was approved in a special election held on July 20, 1996 and thereafter became St. Gabriel Ordinance 1996-10. The city’s right to collect this tax was challenged in a suit brought by several local chemical companies, and in due course, the district court upheld the tax. On review by this court in Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, 98-0935 (La.App. 1 Cir. 4/1/99), 740 So.2d 147,[1] writ granted, 99-1223 (La.5/28/99), 743 So.2d 676 (application for certiorari dismissed by the parties on October 13, 1999), this court held that the tax imposed by Ordinance 1996-10 exceeded the then maximum limit of 4 % for sales and use taxes, as set forth in LSA-R.S. 33:2721.6(A)(2), and was therefore unlawful.[2]
Thereafter, in a settlement agreement, the parties agreed that the city would collect only that portion of the tax authorized by Ordinance 1996-10 that did not exceed the 4 % statutory limit, which portion was Jé %. Accordingly, on November 18, 1999, the city passed Ordinance 1999-3 to | s“roll back” the 1 % sales and use tax levied by Ordinance 1996-10 to the rate of Jé %.
Effective July 1, 1999, the legislature amended LSA-R.S. 33:2721.6(A)(2) in 1999 La. Acts, No. 679, § 1, to increase the statutory maximum rate of sales and use taxes set forth therein from 4 % to 5 %. Thereafter, in 2006, the Parish of Iberville passed an additional 1 % sales and use tax, which was approved by the voters. This tax was specified as being implemented in Jé % increments, with Jé % levied beginning January 1, 2007, another Jé % levied beginning January 1, 2008, and the full 1 % levied beginning January 1, 2009. This tax was further designated to be allocated between the parish and municipal governments of Iberville Parish as follows: Iber-ville Parish, 52.4541 %; City of Plaque-mine, 23.6507 %; City of St. Gabriel, 8.3903 %; Town of White Castle, 6.5153 %; Village of Maringouin, 4.2253 %; Village of Rosedale, 2.5211 %; and Village of Grosse Tete, 2.2432 %.
On November 15, 2007, St. Gabriel adopted Ordinance 2007-0001-1155, “rescinding” Ordinance 1999-3, ratifying all provisions of Ordinance 1996-10, and declaring that Ordinance 1996-10 “remainfs] in full force and effect as of its date.” Ordinance 2007-0001-1155 was further de- *957 dared to become effective immediately upon the signature of the mayor. St. Gabriel Mayor George L. Grace, Sr. signed the ordinance on the same date, and in December of 2007 he requested the Iber-ville Parish sales tax collector to begin collecting the full 1 % sales and use tax levied by Ordinance 1996-10.
On December 13, 2007, the instant suit was filed by the Parish of Iberville Sales Tax Department (“Iberville Sales Tax Department”) seeking to enjoin St. Gabriel’s collection attempts. The city responded by filing a ^petition for nullity of judgment,[3] contending the decision rendered by this appellate court in Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, supra, should be vacated and set aside.
Following a hearing on the issue of in-junctive relief, the district court ordered, adjudged, and decreed that a permanent injunction issue, restraining, enjoining, and prohibiting the City of St. Gabriel from requesting or demanding that the Iberville Sales Tax Department collect the tax levied by Ordinance 1996-10, and ordering that the Iberville Sales Tax Department continue to collect the tax in accordance with Ordinance 1999-3. St. Gabriel has appealed this judgment, asserting the following assignments of error: (1) St. Gabriel is authorized by the constitution and applicable statutes to impose the tax as per Ordinance 1996-10 and it was error for the district court to grant an injunction in favor of the Iberville Sales Tax Department; (2) the St. Gabriel tax does not exceed any constitutional or statutory cap or limitation as a matter of law, and it was error for the district court to imply that the St. Gabriel tax has done so; and (3) Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, supra, was incorrect as a matter of law and should have been recognized as not binding on the district court.
DISCUSSION
Local governing authorities in this state are empowered to levy and collect sales and use taxes by Louisiana Constitution, Article VI, Section 29, which provides, in pertinent part:
(A) Sales Tax Authorized. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental | .^subdivision [4] or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
(B) Additional Sales Tax Authorized. However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.
A sales and use tax within the contemplation of LSA-Const. art. VI, § 29(A) is self-executing by the local governmental taxing authority, although the *958 constitution caps that authority at 3 %. See Circle Food Stores, Inc. v. City of New Orleans, 620 So.2d 281, 283 (La. 1993). Any local governmental sales and use taxes that exceed 3 % are invalid and unconstitutional unless authorized by the legislature and approved by the voters as required by LSA-Const. art. VI, § 29(B). See Reed v. City of New Orleans, 593 So.2d 368, 371 (La.1992).
Additional sales and use taxes authorized by the legislature under LSA-Const. art. VI, § 29(B) include those at issue herein: LSA-R.S. 33:2711, granting taxing power to municipalities, and LSA-R.S. 33:2721.6, granting taxing power to the governing authority of any parish or any school board. At the time Ordinance 1996-10 was enacted, these statutes provided in pertinent part as follows:
§ 2711. Tax authorized; rate
|fiA. Any incorporated municipality [5] of the state is hereby authorized to levy and collect a sales and use tax not in excess of two and one-half percent as hereinafter set forth:
(1) One and one-half percent as authorized by Act No. 722 of the 1974 Regular Session of the Louisiana Legislature; and
(2) Except in those municipalities in the parishes of Concordia, Catahoula, LaSalle, Caldwell, Franklin, and Tensas, an additional one percent sales and use tax, authorized by Article VI, Section 29(B) of the Constitution of Louisiana, which one percent sales and use tax shall be in addition to all other sales and use taxes which any incorporated municipality is authorized to levy as of the effective date of this Act.
However, the ordinance imposing the tax shall be adopted by the governing authority of the incorporated municipality only after the question of the imposition of the tax has been submitted to the qualified electors of the incorporated municipality at an election conducted in accordance with the general election laws of the state of Louisiana, and a majority of those voting in the election shall have voted in favor of the proposition to impose such additional sales and use tax.
[[Image here]]
§ 2721.6. Additional sales and use tax authorized
A. (1) In addition to any other authority granted by a home rule charter or otherwise, the governing authority of any parish or school board may levy and collect an additional tax upon the sale at retad, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services as defined by law if approved by a majority of electors voting therein in an election held for that purpose.
(2) The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes and law enforcement district sales and use taxes levied and collected within any parish or municipality, shall not exceed four percent. Any parish or school board levying or presently authorized to levy an additional sales and use tax which exceeds the four percent level described above shall not be authorized by this Section to levy an additional sales tax.
*959 B. In accordance with the provisions of Section 29(B) of Article VI of the Constitution of Louisiana, the additional sales and use tax may exceed the limitation found in Section 29(A) of Article VI of the Constitution of Louisiana by the amount authorized herein.
(Emphasis added.)
|7In Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, the sole issue before this court was whether LSA-R.S. 33:2721.6(A)(2)’s statutory limit on the total rate of all sales and use taxes “collected within any parish or municipality” limited the amount of sales and use taxes collectable by the City of St. Gabriel; the court held that it did. Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, 98-0935 at p. 5, 740 So.2d at 150. A dissent to the majority opinion was authored by Chief Judge Carter, stating:
LSA-R.S. 33:2721.6 limits the authority of parish government bodies and school boards, but not municipalities. The provision of Section A(2) “within any parish or municipality, shall not exceed four percent,” in my opinion, is not a limit on municipalities, but is only a limit on a parish governing body or school board. This is former demonstrated by the following language of the statute which provides, “Any parish or school board levying or presently authorized to levy an additional sales and use tax which exceeds the four percent level described above shall not be authorized by this Section to levy an additional sales tax.” Clearly, municipalities are not prevented from exceeding the four percent level.
(Emphasis added.)
After careful re-examination of this issue in connection with the instant appeal, we believe the majority opinion rendered in Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace was incorrect, and we agree with the rationale expressed in the dissenting opinion.
Municipalities are authorized by LSA-R.S. 33:2711 to impose sales and use taxes not to exceed 2½ %, in addition to those allowed by LSA-Const. art. VI, § 29(A). While LSA-Const. art. AT, § 29(A) authorized sales and use taxes are limited to 3 % “when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision,” LSA-R.S. 33:2711 sales and use taxes are only limited by the express language of the statute from being “in excess of two and one-half percent.” However, no limitation |swith respect to “combined” sales and use taxes vis-a-vis other local governmental entities is contained within LSA-R.S. 33:2711. Although Paragraph^) of LSA-R.S. 33:2711 sanctions intergovernmental agreements between a municipality, school boards, parishes, municipalities, and special taxing districts to provide for the “collection, sharing, and levy of, and exemptions from, any taxes authorized” by LSA-R.S. 33:2711, there is no statement in the statute requiring that the 2½ % sales and use taxes that can be levied by municipalities be less than a certain combined total that takes into account taxes levied by all other local taxing entities.[6]
*960 This is in distinct contrast with the limitations imposed on parishes and school boards by LSA-R.S. 33:2721.6, which authorizes the collection of sales and use taxes, in addition to those authorized by Article VI, § 29(A), by the “governing authority of any parish or school board.” The amount of sales and use taxes a parish or school board can levy is limited by Paragraph (A)(2) of LSA-R.S. 33:2721.6 to no more than 4 % “when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes and law enforcement district sales and use taxes levied and collected within any parish or municipality.” Although Paragraph (A)(2) references municipalities, it does so only in delineating the limitation on parish or school board taxes. The limitation in Paragraph (A)(2) is expressly directed to the tax authorized in Paragraph (A)(1), which applies only to a parish or school board.
| ^Clearly, LSA-R.S. 33:2711 contains no similar limitation. The 2½ % maximum tax limit contained in LSA-R.S. 33:2711 is available entirely to a municipality without reference to sales and use taxes imposed by other local governmental entities. There are no ambiguities in this language, and it should be applied as written.
We acknowledge 1998 Senate Resolution No. 42 and 1998 House Resolution No. 58, which stated that “R.S. 33:2721.6 is the latest expression of the legislature” and further expressed the intent that in enacting LSA-R.S. 33:2711(A)(2) the rate of the sales and use tax authorized by Section 2711(A)(2) “when combined with the rate of all other sales and use taxes, exclusive of state and law enforcement district sales and use taxes, levied and collected within any parish or municipality shall not exceed four percent unless authorized by special legislative enactment.”
In evaluating the interpretative significance of the 1998 resolutions, we agree with the analysis employed by Judge (now Justice) Weimer in his Cibar-Geigy Corp. v. Town of St. Gabriel ex rel. Grace concurrence, wherein he emphasized the concept of separation of powers and the vesting of that power in three branches of government: the executive branch, which enforces the law; the legislative branch, which enacts the law; and the judicial branch, which interprets the law. Cibar-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, 740 So.2d at 151-53 (citing LSA-Const. art. V, § 1 and LaBauve v. Louisiana Wildlife and Fisheries Commission, 289 So.2d 150, 151 (La.1974)). Noting the admission of counsel that the 1998 resolutions were enacted at the request of the plaintiffs and that plaintiffs’ counsel’s firm consulted with those who prepared the resolutions, the concurrence opined that the simple resolutions, which by definition do not have the effect of law, were enacted at the request of those attempting to | tpinfluence pending litigation and should not be considered. The concurrence went on to add that to consider these resolutions would offend the constitutional concept of separation of powers and would be unfair to all parties to this litigation. Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, 740 So.2d at 153 (citing State Licensing Board of Contractors v. State Civil Service Commission, 110 So.2d 847 (La.App. 1 Cir. 1959), affirmed, 240 La. 331, 123 So.2d 76 (1960) (holding that a legislative resolution was unconstitutional as an encroachment upon the constitutional power of the judiciary to construe and interpret existing legislation, and stating that it was not within the constitutional province of the legislature to construe earlier enactments involved in litigation)). Accordingly, we do not find the 1998 legislative resolutions persuasive in this case, in light of the plain language of the statutes at issue.
*961 Further, we reject the Iberville Sales Tax Department’s contention that Ordinance 2007-0001-1155 constitutes a new tax that requires approval by the voters. Ordinance 2007-0001-1155 merely rescinded a prior ordinance, Ordinance 1999-3, which had “rolled back” or stated the City’s intent at that time not to collect the full amount of the tax authorized by Ordinance 1996-10. The 2007 ordinance further ratified or stated the city’s approval of the previously enacted and voter-approved Ordinance 1996-10, declared the city’s revised intention to begin collecting the full tax authorized by Ordinance 1996-10, and further stated the city’s opinion that the 1996 tax remained in full force and effect. After this court’s 1999 ruling that the 1996 tax exceeded the allowable maximum amount, and while the matter was under consideration by the supreme court, the city decided to forgo collecting the entire amount of tax authorized by Ordinance 1996-10, and the writ of certio-rari was dismissed. In 2007, the city reconsidered the |ndecision to forgo collecting the full tax authorized by Ordinance 1996-10 and announced via Ordinance 2007-0001-1155 its decision to fully implement Ordinance 1996-10. Ordinance 1996-10 was voted on by the people and never repealed; a portion of the tax authorized thereunder has been collected continuously over the years. Therefore, the 2007 ordinance contained no new tax, but merely stated the city’s change in policy from abstaining from collecting all of the tax authorized by the 1996 ordinance to a new course of action; i.e., to begin collecting all of the tax authorized by the voters as stated in Ordinance 1996-10. The City of St. Gabriel has imposed no new tax, rather, it has begun to collect the whole of the 1996 tax.
Thus, we hold herein that, pursuant to LSA-R.S. 33:2711, incorporated municipalities are authorized to levy and collect sales and use taxes not in excess of 2½ % upon satisfying the procedural requirements of that statute, without reference to the limitations imposed on parishes and school boards by LSA-R.S. 33:2721.6(A)(2), and we overrule this court’s earlier opinion to the contrary as stated in Ciba-Geigy Corp. v. Town, of St. Gabriel ex rel. Grace. Therefore, we conclude that the district court erred in finding that St. Gabriel was not entitled to collection of the tax levied by Ordinance 1996-10 and in enjoining the city’s attempts to have the tax collected.
CONCLUSION
For the reasons assigned herein, the judgment of the district court, in favor of the Parish of Iberville Sales Tax Department, is reversed and the Impermanent injunction is hereby dissolved.[7] All costs *962 of this appeal, in the amount of $1,025.01, are to be borne by plaintiff, Parish of Iberville Sales Tax Department.
JUDGMENT REVERSED; PERMANENT INJUNCTION DISSOLVED.
KUHN, J., concurs in the result.
PARRO, J., concurs.
McDONALD, J., dissents and assigns reasons.
McCLENDON, j., concurs without reasons.

. This appeal was decided by a five-judge panel of this court, with two of the five judges dissenting from the majority opinion.

. The 1996 tax had imposed a 1 % sales and use tax in addition to the 3¾ % in sales and use taxes already being collected by local governmental entities, which would have resulted in total local sales and use taxes of 4⅜ %.

. The record presented on appeal does not reflect that any action was taken by the district court on this petition.

. "Local governmental subdivision" means any parish or municipality. LSA-Const. art. VI, § 44(1).

. “Municipality" includes any incorporated city, town, or village. LSA-R.S. 33:101(2)(a). See also LSA-Const. art. VI, § 44(3).

. Louisiana Revised Statute 33:2711(C) provides in full:
Notwithstanding any other statutory provisions to the contrary, including but not limited to provisions providing for equal collection and levy of sales taxes and in order to prevent the duplicate collection of sales taxes in areas annexed into a municipality, school boards, parishes, municipalities, and special taxing districts may enter into intergovernmental agreements providing for the collection, sharing, and levy of, and exemptions from, any taxes authorized by this Section.

. While this court may notice both res judica-ta and the failure to state a cause of action on its own motion pursuant to LSA-C.C.P. art. 927, we refrain from doing so in the instant case as the record is not sufficiently complete to warrant an ex proprio motion on either issue. We note that the doctrine of res judi-cata, as stated in LSA-R.S. 13:4231, precludes relitigation of a matter previously adjudicated "between the same parties.” The previous case before this court, Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, which we overrule herein, named as plaintiffs: Ciba-Geigy Corporation; Union Texas Products Corporation; Zeneca, Inc.; the Iberville Group, L.L.C.; Pioneer Chlor Alkali Company, Inc.; ICI Americas, Inc.; Air Products and Chemicals, Inc.; Arcadian Fertilizer, L.P.; and Fina Oil and Chemical Company. This earlier case named as defendants: the town of St. Gabriel, through its mayor, George L. Grace; the Parish of Iberville, through its police jury president, Aldrich "Tudy” Dupree; and the School Board of the Parish of Iberville, through its superintendent, Charles P. Bujol. In this court's earlier opinion in the appeal of that case, it was noted that the district court sustained Iber- *962 ville Parish’s and the School Board’s exceptions of no cause of action and prescription and dismissed these defendants with prejudice. Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace, 98-0935 at p. 2 n. 7, 740 So.2d at 148 n. 7. Thus, it would not appear that the plaintiff in the present suit, the Parish of Iberville Sales Tax Department, was a party actually litigating the merits of the former suit, which would trigger the conclusive effect of the res judicata doctrine. Although the Iberville Sales Tax Department’s attorney stated at the hearing on its petition for injunc-tive relief, held by the district court in the instant matter, that in the prior suit the parish was dismissed "from the suit early on,” no documentary evidence on the issue appears in the record. We further take note of LSA-R.S. 18:1294 and 18:1405(E), which provide that a person in interest seeking to contest the legality of an election authorizing a tax must file suit within sixty days after promulgation of the results of the election, after which time, one who has not filed suit is foreclosed from bringing suit; this time period is peremptive and once expired, the cause of action no longer exists. See Guillory v. Avoyelles Ry. Co., 104 La. 11, 15-17, 28 So. 899, 901 (1900). See also Town of Church Point v. Acadia Parish Police Jury, 2003-890, pp. 2-4 (La.App. 3 Cir. 7/14/03), 849 So.2d 87, 89-90, writ not considered. 2003-2102 (La.7/29/03), 849 So.2d 534; Small v. Desselle, 520 So.2d 1167, 1168 (La.App. 3 Cir. 1987). While Iber-ville Parish was originally named in Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace as a defendant (and later dismissed as a party altogether), it does not appear that the parish in any way contested the validity of Ordinance 1996-10 while a party to that suit. The failure to timely challenge a matter approved by election constitutes an acquiescence in the outcome of the election. See James v. Arkansas Southern Ry. Co., 110 La. 145, 156, 34 So. 337, 341 (1903); Guillory v. Avoyelles Ry. Co., 104 La. at 16-17, 28 So. at 901. Again, the record on appeal in the instant case does not contain any documentation with respect to whether the Parish of Iberville Sales Tax Department instituted any suit contesting the validity of the validity of Ordinance 1966-10, as approved by the electorate within the sixty-day statutory timeframe, though inferences are to the contrary. Therefore, we conclude that an ex proprio disposition on either a res judicata basis or the failure to state a cause of action would be inappropriate herein. Further, it should be noted that we express no opinion herein as to the continued applicability of this court’s prior opinion in Ciba-Geigy Corp. v. Town of St. Gabriel ex rel. Grace as it applies to the original nine plaintiffs therein.