McDONALD, J.,
dissenting:
| ]While I agree with the analysis reached by the majority, I must respectfully disagree with the conclusion and result. I must dissent in the recommendation that the judgment be vacated and the case be remanded.
This is not the normal situation in which the court sits en banc to reconsider a legal principle or point of law that has previously been ruled upon by a prior panel of this court.[1] In this instance, we sit en banc to reconsider a prior ruling by a panel of this court in this exact case. I agree with the majority that the dissenting opinion was *963 correct in Ciba-Geigy Corp. v. To%m of St. Gabriel ex rel. Grace, 98-0935 (La.App. 1 Cir. 4/1/99), 740 So.2d 147, writ granted, (La.5/28/99), 743 So.2d 676 (appeal dismissed by the parties on 10/13/99). In that case the issue was whether the limit on the amount of sales tax collected within any parish or municipality (LSA-R.S. 33:2721.6(A)(2)) limits the amount of sales and use tax that could be approved and collected by the City of St. Gabriel. A prior panel of this court found that it did. In the present suit we are not called upon to interpret this statute in the context of some tax in another parish or municipality. We are |2again asked to review this same tax imposed by the City of St. Gabriel. The previous decision of this court is a final judgment. While it was appealed, the appeal was dismissed by the parties. This was approximately ten years ago. It is certainly not appealable now. The present appeal amounts to a collateral attack on the prior judgment. Such an attack is only sanctioned in a suit to annul a prior judgment. This principle is discussed in Jones v. State, Div. of Admin., 2009 WL 1272396, *3 (La.App. 1 Cir., 2009):
The supreme court has instructed that “No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab ignition (sic).” Allen v. Commercial National Bank in Shreveport, 243 La. 840, 848, 147 So.2d 865, 868 (La.1962). A collateral attack is defined as an attempt to impeach a decree in a proceeding not instituted for the express purpose of annulling it. Lowman v. Merrick, 06-0921 (La.App. 1 Cir, 3/23/07), 960 So.2d 84, 90.
The present suit is not such an action. St. Gabriel’s recourse should be a suit to nullify the prior judgment if they have a valid claim to do so.
I am also concerned that the decision of this court has now enacted the tax at issue. I believe that the trial court was correct that we must abide by the original Ciba-Geigy decision. That decision found that the 1996 municipal tax was unlawful at the time of the election because it exceeded the maximum tax limit provided in LSA-R.S. 33:2721.6. The ordinance adopted on November 15, 2007, by the St. Gabriel City Council, attempts to revive this same tax. I believe this is impermissible and the voters must have the opportunity to approve or disapprove this tax again. Since they approved it in 1996 there may have been other tax elections which may have been approved. In voting on these tax issues the voters may have been influenced by the fact that this 1996 tax had been found to be invalid and only a portion of it was enacted. Thus, I feel it is the electorate who has the right to decide whether this tax should be imposed, not this court.
| ;iFor these reasons I respectfully dissent in the conclusion reached by this court and the decision to remand. I would affirm the decision of the trial court.

. First Circuit Court of Appeal Internal Rule 2.Id En-Banc sittings
2.1 d( 1) Overruling prior decision
An en banc sitting shall be convened when a proposed action, to be made in the exercise of this Court’s appellate or supervisory jurisdiction, suggests the overruling of a prior First Circuit published or unpublished decision on a point of law and it is the opinion of the Conference that an en banc sitting is warranted ...